UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH LEE KAISER,

    Plaintiff,

    v.    CAUSE NO. 1:21-CV-131-WCL-SLC

TIGGS CANTEEN SERVICES,

    Defendant.

OPINION AND ORDER

Joseph Lee Kaiser, a pretrial detainee proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Kaiser is a detainee at the Steuben County Jail awaiting trial. He alleges that on March 18, 2021, he was eating dinner, which consisted of hot dogs and beans. When he took a bite of the beans, he "bit down on rock debris that was inside the beans and

broke my tooth." (ECF 1 at 2.) He filed a grievance, and jail staff asked him if he needed to see a dentist. He said "no" because, in his words, "I don't trust them." (*Id.*) He alleges that Tiggs Canteen Services ("Tiggs"), the company that supplies food to the Steuben County Jail, was the "cause of all this pain and problems." (*Id.*) Based on these events, he sues Tiggs for compensatory and punitive damages.

Because Mr. Kaiser was a pretrial detainee when this incident occurred, his claim must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. However, "negligent conduct does not offend the Due Process Clause," so allegations of negligence or even gross negligence will not suffice. *Id.* at 353.

The incident Mr. Kaiser describes was understandably upsetting, but he has not alleged a plausible Fourteenth Amendment claim. It is apparent from the complaint that this was some type of isolated accident resulting from negligence, rather than purposeful or even reckless conduct. He attaches grievances reflecting that jail staff immediately notified Tiggs about what had occurred, and that as of the day following this incident, Tiggs was "taking steps to keep this from happening again." (ECF 1 at 5.) To the extent Mr. Kaiser is claiming that the company did not follow food service regulations, a violation of local regulations does not give rise to a federal constitutional

2

claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). Whether he may have some remedy available in state court under tort law principles is a matter the court does not reach.

Furthermore, the only defendant he names is the company itself, not any individual who could be held personally responsible for allowing a rock to get into his food. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general supervisory liability under 42 U.S.C. § 1983, and Tiggs cannot be held liable solely because it employs the food service workers who cooked the beans in question. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can also be held liable to the same extent as a government actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, Mr. Kaiser does not plausibly allege that Tiggs has an official policy of putting rocks in detainees' food, or that it was an unconstitutional policy or practice that caused his injury.

Therefore, the current complaint does not state a plausible claim for relief. In the interest of justice, the court will allow Mr. Kaiser to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim, consistent

with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **May 24, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 22, 2021.

                                                s/William C. Lee  
                                                JUDGE WILLIAM C. LEE  
                                                UNITED STATES DISTRICT COURT