UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH LEE KAISER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-131-WCL-SLC |
| TIGGS CANTEEN SERVICES, et al., | |
| Defendants. | |

OPINION AND ORDER

Joseph Lee Kaiser, an inmate proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 6.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Kaiser is a pretrial detainee at the Steuben County Jail. The court screened his original complaint and determined that it did not state a plausible claim for relief against any defendant. (ECF 5.) The court afforded him an opportunity to replead his

claims, and he responded by filing the present complaint. The court notes that, unlike his original complaint, his amended complaint is not on the court's approved form for prisoner 1983 actions, and the body of it is less than two pages long. The court has nevertheless endeavored to give the amended complaint liberal construction and to discern within it any viable constitutional claims.

As with his original complaint, Mr. Kaiser alleges that on March 18, 2021, he was eating dinner at the jail consisting of hot dogs and beans. When he took a bite of the beans, he "bit down on rock debris that was inside the beans and broke his tooth." (ECF 6 at 2.) He told jail staff about his broken tooth, and they took pictures of the tooth and put the rock in an evidence bag. They then took him to the medical services department, and he was told that if he needed to see a dentist, an appointment would be made for him. However, he states that he "has reasons not to trust medical services or [a] dentist . . . that Steuben County Jail contracts to work for them." (*Id.*)

He claims that this incident was the fault of Tiggs Canteen Services ("Tiggs"), the company that supplies food to the jail, which, in his words, "conducted objectively unreasonable and reckless, bad quality food keep putting health and lives in danger [sic] at the Steuben County Jail." (*Id.*) He claims that Tiggs has an "official policy [of] putting rocks in detainees' food," demonstrated by the fact that it "seems this keep[s] happening." (*Id.*) Based on these events, he sues Tiggs and its "representative" Barbara McAllister for $1 million in compensatory and punitive damages.

Because Mr. Kaiser is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The

2

Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "[N]egligent conduct does not offend the Due Process Clause," so allegations of negligence or even gross negligence do not suffice. *Id.* at 353.

Mr. Kaiser sues Tiggs, the company that provides food to the jail. As was outlined in the prior order, a private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Tiggs cannot be held liable solely because it supplies food or employs food service workers at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a government function can be held liable to the same extent as a municipal actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Under *Monell*, municipal entities or private companies performing a government function "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for

3

which the municipality is actually responsible." *Id.* (citations, internal quotation marks, and emphasis omitted).

There is no "heightened" pleading standard applicable to *Monell* claims. *White v. City of Chicago*, 829 F.3d 837, 843 (7th Cir. 2016). However, under federal pleading standards, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. To meet that standard, the plaintiff must include "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard applies equally to *Monell* claims. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

Upon review, Mr. Kaiser does not satisfy that standard. He alleges generally that Tiggs has an official policy of putting rocks in detainees' food. However, he includes only conclusory statements, without any factual content to plausibly suggest that a food company contracting with the government has an official policy of intentionally putting rocks in its food. He alleges that it "seems this keep[s] happening," perhaps to try to show the existence of a widespread practice. To succeed on a widespread practice theory of *Monell* liability, "the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill*, 850 F.3d at 344. "At the pleading stage . . . a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread as to constitute a governmental custom." *Id*. Here, Mr. Kaiser does not explain what he means by "this keep[s] happening," nor does he provide any details about other alleged

4

incidents wherein inmates have injured themselves on rock debris or similar foreign objects in food provided by Tiggs. Without such details, the court cannot determine that any such incidents plausibly suggest the existence of a widespread practice. Indeed, the mere fact that inmates may have on other occasions found foreign objects in their food does not, by itself, "show a sufficiently specific pattern of conduct to support the general allegation of a custom or policy." *Flores v. City of S. Bend*, ---F.3d----, 2021 WL 1903225, at *5 (7th Cir. May 12, 2021). "Finding otherwise would stretch the law too far, opening municipalities [and corporations performing a government function] to liability for noncodified customs in all but the rarest of occasions, as long as a plaintiff can find a few sporadic examples of an improper behavior." *Id.* Therefore, Mr. Kaiser does not state a plausible claim against this corporate defendant.

He also names an individual employee of Tiggs as a defendant, Barbara McAllister, but he does not mention her in the body of the complaint or explain how she was involved in the rock incident, if at all. Indeed, he identifies her only as Tiggs' "representative," and her role within the company is unclear. For a defendant to be held liable under section 1983, he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). As stated above, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and an individual cannot be held liable simply because they oversee operations within an organization or supervise lower-level staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). A defendant will be deemed to have sufficient personal responsibility for a constitutional violation if the violation occurred "at a defendant's direction" or with his

5

"knowledge or consent." *Mitchell*, 895 F.3d at 498. There is no factual content in the amended complaint to plausibly suggest that Ms. McAllister personally put rocks in Mr. Kaiser's food, that she directed other employees of Tiggs to do so, or that she knew someone was putting rocks in his food and condoned their actions. Nor is there any factual content from which the court could plausibly infer objectively unreasonable conduct, as opposed to mere negligence. He has not stated a plausible claim against this defendant.

Therefore, the current complaint does not state a plausible claim for relief. The court has already given Mr. Kaiser an opportunity to replead his claims after outlining the deficiencies in his allegations. The court finds no basis to conclude that if given another opportunity, he could state a viable constitutional claim, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on May 26, 2021.

s/William C. Lee<br>
JUDGE WILLIAM C. LEE<br>
UNITED STATES DISTRICT COURT